HOFFMAN *v.* BULLOCK *et al.*

(*Circuit Court, S. D. New York.* March 16, 1888.)

CORPORATIONS—OFFICERS AND AGENTS—FRAUDULENT COMBINATIONS—RIGHTS OF THIRD PARTIES.

An assignee for a valuable consideration of all the claims and rights of action at law or in equity of a corporation against its former directors and trustees, who, by a fraudulent combination with outsiders, succeeded in wrecking the concern, and appropriating its property to themselves, and who, by collusion and malpractice, secured the dismissal of *bona fide* suits instituted by the corporation against themselves to recover the property, has no standing in a court of equity as against such trustees, in the absence of allegation and proof that he is a creditor or stockholder of the corporation.

In Equity. On demurrer to bill.

*B. C. Chetwood,* for complainant.

*Charles Sherwood,* for respondents.

LACOMBE, J. The complainant avers that the defendants, heretofore directors and trustees of the Ætna Axle & Spring Company, a Connecticut corporation, did, by a fraudulent and corrupt combination with outside parties, carry out a secret conspiracy to wreck the company; that they misappropriated its funds and property to their own use, and defrauded and despoiled its creditors and stockholders, realizing by their misappropriation upwards of $175,000 of the assets of said company; that the company has attempted, in good faith, to recover the moneys thus misappropriated, by causing actions for the same or some part thereof to be brought in its behalf against some of the defendants; but "by collusion and malpractice said suits have been dismissed, discontinued, or otherwise corruptly disposed of to the great injury of the company, its creditors, and stockholders." The bill then avers that complainant is "assignee for a valuable consideration * * * of all and singular its claims, demands, and rights of action, * * * either in law or in equity, against the defendants." By such an assignment complainant obtained no proper title to institute such a suit as this. *Graham v. Railroad Co.,* 102 U. S. 148. It was claimed on the argument that he is a creditor and a stockholder of the company. There is no such averment in the bill. If he has rights in that character he may no doubt avail of them, but he has not set out any such cause of action in this bill.

The demurrer is sustained, with leave to amend the bill.